IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| JOHN JENKINS, | C.A. No.: 2:24-cv-07183-BHH |
| Plaintiff, | |
| vs. | **MOTION TO AMEND SCHEDULING ORDER** |
| STEVEN BRADY and T&C TRANSPORTATION, LLC, | |
| Defendants. | |

Defendants Steven Brady and T&C Transportation, LLC, by and through their undersigned attorneys, hereby move for the entry of a Second Amended Scheduling Order extending the remaining deadlines by two months. A copy of Defendants' proposed order is attached hereto as Exhibit A. In support of this motion, Defendants would show:

1. The current scheduling order for this case requires Defendants to name experts by June 30, 2025, and for discovery to be completed by August 30, 2025. *See* ECF No. 10. The Parties are engaged in ongoing discovery, but recent delays have impeded Defendants' efforts to develop their case and Defendants do not anticipate being able to meet these deadlines. Defendants would show that good cause exists for seeking an extension and that the proposed extension of only two months is reasonable and not for the purposes of delay.

2. Defendant served discovery requests upon Plaintiff on April 3, 2025, but Plaintiff did not provide discovery responses to Defendants until June 5, 2025. These responses were incomplete and Plaintiff did not provide Defendants with any data, photographs, or other

materials from CollisionData, whom Plaintiff hired to obtain data from the vehicles' electronic data recorder modules. Plaintiff provided these materials to Defendants on June 19, 2025.

3. Without Plaintiff's discovery, Defendants have been unable to evaluate the case and determine which experts may be necessary to defend against Plaintiff's claims. Defendants have been unable to evaluate Plaintiff's claimed medical injuries or obtain necessary information via subpoena from other medical providers. Defendants have likewise been unable to evaluate the physical evidence or provide information to expert(s) in order to form opinions prior to the current disclosure deadline.

4. The Parties conducted a telephone conference with the Court on June 10. During that call, Defendants proposed this amendment to Plaintiff, but Plaintiff indicated that consent would be given only if Plaintiff's expert deadline was also extended to expire one month prior to Defendant's deadline. Defendants oppose Plaintiff's request because (1) Plaintiff's deadline has already passed, and (2) Plaintiff has already named his experts.[1] *See* ECF No. 11. Defendants sought consent to the instant motion but are informed and believe that Plaintiff opposes this motion.

---

[1] "Pursuant to Rule 16(b), a showing of good cause is necessary to modify the scheduling order. *Morgan v. Self Reg'l Healthcare*, 2010 WL 5019974, at *6 (D.S.C. Nov. 1, 2010). "Once a scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." *Id.* at *6 (citing *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C. 1997)). "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Id.* "Good cause means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, th[e] court may modify the schedule on a showing of good cause if the deadline cannot be met despite the diligence of the party seeking the extension." *Id.*; *see also Montgomery v. Anne Arundel County*, Nos. 05-1267, 05-1314, 2006 WL 1194308 *5 (4th Cir. 2006) ("Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party.").

5. Defendants believe that the requested extension of two months is reasonable and provides a satisfactory amount of time to pursue the necessary discovery. The scheduling order has been amended once before; however, Defendants would state that the prior amendment was made at Defendants' Counsel's request due to the birth of his first child on March 28, 2025.

Dated this 23rd of June, 2025          WALL TEMPLETON & HALDRUP, P.A.

*s/ Ford H. Thrift*
Ford H. Thrift  (Fed ID # 12881)
Ford.Thrift@WallTempleton.com
145 King Street, Suite 300
Post Office Box 1200
Charleston, South Carolina 29402
(843) 329-9500
***Attorney for the Defendants***